IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ROBERT SMITH, JR., *et al.*,          *

       Plaintiffs,          *

        v.          *

                           *          CIVIL NO.: WDQ-12-2029

TOYOTA MOTOR CREDIT          *
CORPORATION,

       Defendant.          *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM

    Robert Smith, Jr. and Brittney E. Williams ("the
Plaintiffs"), on behalf of themselves and others similarly
situated, sued Toyota Motor Credit Corporation ("TMCC") in the
Circuit Court for Baltimore City, Maryland, for violating the
Maryland Credit Grantor Closed End Credit Provisions (the
"CLEC"),[1] and related claims.  On July 9, 2012, TMCC removed the
action to this Court.  ECF No. 1.  On April 28, 2014, the Court
preliminarily approved the parties' class action settlement and
the form, manner, and administration of notice to class members.
ECF No. 39.  As part of the final settlement agreement, the
class representatives requested a $5,000 incentive award for
each representative.  ECF Nos. 45, 47.  The Court held a

---

[1] Md. Code Ann., Com. Law §§ 12-1001, *et seq.*

fairness hearing on Oct. 2, 2014.  For the following reasons, the request for an incentive award will be granted.

I.  Background

On July 29, 2005 and April 26, 2006, respectively, Smith and Williams purchased Toyota vehicles from Maryland dealer-ships.  Compl.[2] ¶¶ 10, 22; *id.*, Exs. A, D.  The Plaintiffs obtained financing for their purchases through retail install-ment sale contracts ("RISCs") (the "Contracts").  Compl. ¶¶ 10, 22; *see id.*, Exs. A, D.[3]  Both RISCs were subject to the CLEC, and were assigned to TMCC.  Compl. ¶¶ 30-31; *id.*, Exs. A, D.

According to the complaint, TMCC violated the CLEC by: (1) failing to provide the Plaintiffs and other Maryland consumers with adequate pre- and post-repossession notices, and (2) attempting to recover unauthorized repossession deficiencies and expenses.  Compl. ¶¶ 2-4.  The Plaintiffs conclude that, under

---

[2] On the docket, ECF No. 2 is labeled "Complaint," and ECF No. 10 is labeled "Supplemental to the Complaint."  The parties have since indicated that ECF No. 2 contains exhibits to TMCC's notice of removal, and ECF No. 10 is the complaint.  The Court will direct the Clerk to correct the docket.  In this memorandum, references to the "Complaint" are references to ECF No. 10.

[3] The complaint mistakenly refers to the Contracts as "finance agreements," *see* Compl. ¶¶ 10, 12, 22, 24, which term is defined by the CLEC as a loan that "[r]esults in or is secured by a first mortgage or a first deed of trust on *residential real property* to be occupied by the borrower."  Md. Code Ann., Com. Law § 12-1022(a)(4)(i) (emphasis added).

the CLEC, TMCC "is not entitled to collect a deficiency from Plaintiffs or any other class member." *Id.* ¶ 4.

On November 4, 2013, the parties participated in mediation in front of the Honorable William J. Cahill in San Francisco, California. ECF No. 46 at 5. On April 15, 2014, the parties entered into a settlement agreement. ECF No. 47 at 1. The settlement agreement provides for a $5,000 incentive payment to each of the Plaintiffs. ECF No. 48 at 22. At the fairness hearing, Williams explained that she was in regular contact with class counsel,[4] read opinions, and was present for and participated in the mediation conference. Smith also participated in the mediation conference and told the Court that he went to meetings at class counsel's office eight to ten times over the two years of litigation and spoke with counsel another ten to 15 times.

## II. Analysis

As part of a class action settlement, "named plaintiffs ... are eligible for reasonable incentive payments." *Stanton v. Boeign Co.,* 327 F.3d 938, 977 (9th Cir. 2003).[5] To determine

---

[4] Williams said that she and class counsel spoke at least once a month if not more.

[5] "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998).

whether an incentive payment is warranted, the court should consider "the actions the plaintiff[s] [have] taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff[s] expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *see also Singleton v. Domino's Pizza*, No. DKC 11-1823, 2013 WL 5506027, at *18 (D. Md. Oct. 2, 2013) (approving incentive payment of $2,500 to each named plaintiff because each had devoted considerable time to helping class counsel prepare for the litigation and participating in the mediation and undertook some personal risk to further the lawsuit).

Based on the class representatives' representations to the court, an incentive payment of $5,000 to each representative is reasonable.  In *Helmick v. Columbia Gas Transmission*, CIV.A.2:07-CV-00743, 2010 WL 2671506 (S.D.W. Va. July 1, 2010), the court awarded a $50,000 incentive payment when the class representative actively participated in the litigation.  *Id*. at 10.  The *Helmick* court specifically noted in granting the award the representative's participation in mediation.  *Id*. Additionally, in another CLEC case, a $5,000 incentive payment was considered "relatively modest."  *See Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 468-69 (D. Md. Jan. 31, 2014). Smith's and William's participation in this case was similar to

4

the class representative's in *Helmick*.  *See* 2010 WL 2671506 at *10 ("Helmick regularly cooperated with experts, participated in mediation, provided valuable background information, participated in discovery, and engaged in frequent travel to Kanawha County from her home in Roane County, West Virginia."); *see also Singleton*, 2013 WL 5506027, at *18 (plaintiff's "considerable time" and participation would be awarded by $2,500 incentive payment).  Given the statements of Smith and Williams at the hearing, a $5,000 incentive fee is reasonable.

III. Conclusion

For the reasons stated above, the Plaintiffs have demonstrated their valuable participation in the litigation, and their request for a $5,000 incentive payment to each representative will be GRANTED.

_____
Date   10/2/14

_____
William D. Quarles, Jr.
United States District Judge

5