IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

ROBERT SMITH, JR., *et al.*,  )
      Plaintiffs,  )
                                   )    No. WDQ-12-02029-WDQ
v.                                 )
                                 )
TOYOTA MOTOR CREDIT  )
CORPORATION  )
      Defendant.  )

## FINAL JUDGMENT

THIS CAUSE came before the Court on October 2, 2014, on the Motion for Final Approval of Settlement Agreement between Robert Smith, Jr. and Brittney E. Williams ("Settlement Class Representatives"), on behalf of themselves and all others similarly situated, by and through their counsel, Robert W. Murphy, Esquire and Jane Santoni, Esquire (collectively "Settlement Class Counsel"), and Defendant, Toyota Motor Credit Corporation ("TMCC"). Based on the record, the evidence and argument presented, the Court makes the following findings concerning the fairness, reasonableness and adequacy of the settlement.

    A.    On or about April 15, 2014, after extensive settlement discussions, the respective parties entered into a Settlement Agreement ("Settlement Agreement"), which has been previously filed with the Court.

    B.    Upon the review of the record and the reasons set forth below, this Court hereby gives its final approval of the Settlement Agreement and finds the Settlement to be fair, reasonable and adequate.

C. The Court finds that the Settlement Class Members are receiving fair, reasonable and adequate Settlement Benefits pursuant to the Settlement Agreement in this Action. As set forth in Section 1 of the Settlement Agreement and subject to the terms and conditions set forth in said Settlement Agreement, the Settlement Benefits included:

1. <u>Settlement Fund</u> - TMCC has established a Settlement Fund in the total amount of Four Hundred Twenty Five Thousand Dollars ($425,000.00) with the Settlement Class Administrator, from which Settlement Fund the Settlement Class Administrator shall issue payments to Settlement Class Members. Payments shall be limited to one payment per account of the *pro rata* share of the Settlement Fund, after deduction for attorneys' fees and costs, Settlement Class Representative incentive awards, and class administration expenses as more particularly set forth in the Settlement Agreement. TMCC's total obligation under the Settlement Agreement and pursuant to this Final Judgment shall in no event exceed Four Hundred Twenty- Five Thousand Dollars ($425,000.00).

2. <u>Waiver of Deficiency</u> - TMCC shall waive the deficiencies arising from the retail installment sales contracts ("RISCs") of the Settlement Class Members, which in the aggregate are estimated to amount to in excess of Ten Million Six Hundred Thousand Dollars ($10,600,000.00) in principal and interest owed by Settlement Class Members.

3. <u>Deletion of Trade Lines</u> - TMCC shall instruct TransUnion, Equifax and Experian to delete all Settlement Class Members' trade lines with respect to the accounts subject to the Settlement Agreement as more particularly described in the Settlement Agreement.

D. In its Order of Preliminary Approval, the Court provisionally certified the Settlement Class, preliminarily approved the Settlement Class Notice, and found that the proposed form and content of the Settlement Class Notice satisfied the requirements of due process and Rule 23, Federal Rules of Civil Procedure. The Court reaffirms that finding and

holds that the best practical notice was given to Settlement Class Members.

      E.      The Settlement Class Administrator timely caused the Settlement Class Notice to be mailed by first class mail, postage prepaid, to each of the Settlement Class Members at their last known address. The Settlement Class Notice advised the Settlement Class Members of, among other things, the allegations of the Action, the terms of the proposed settlement, the requirements for exclusion from or objection to the proposed settlement, and the scheduled Final Approval Hearing. The Settlement Class Notice further identified Settlement Class Counsel, set forth that Settlement Class Counsel were seeking an award of attorney's fees and litigation expenses, and indicated that said attorneys' fees and expenses would be deducted from the Settlement Fund. The Settlement Class Notice also correctly described the claims released as part of the Settlement and advised Settlement Class Members to read the notice carefully because it would affect their rights, if they failed to exclude themselves from the Settlement.

      F.      One Settlement Class Member has requested to be excluded or have objected to the proposed Settlement. All objections are found to be without merit and are hereby overruled.

      G.      The Court finds that the Settlement Class Members were given an opportunity to opt out and were adequately represented by the Settlement Class Representatives and Settlement Class Counsel.

      H.      The Court must determine whether the proposed Settlement is "fair, adequate and reasonable and that it is not the product of collusion" between the parties. The Fourth Circuit has articulated several factors relating to both fairness and adequacy. See, In re: Jiffy Lube Securities Litig., 927 F.2d 155, 158-59 (4th Cir. 1991). With respect to fairness, the Jiffy Lube Court enumerated four factors, Id. at 159; (1) the posture of the case at the time settlement was

proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the [relevant] area of . . . class action litigation. The Jiffy Lube Court also provided five factors with respect to adequacy, Id.; (1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement.

    I.    In determining the adequacy of the proposed Settlement, the Court need not and does not decide the merits of the case. This Court has considered the submissions of the parties, which demonstrates a degree of uncertainty in Plaintiffs prevailing on their claims. The Settlement Benefits set forth in the Settlement Agreement and noted above represent a significant benefit to the Settlement Class Members. Given the factual and legal obstacles standing in the way of a full recovery if this case were litigated to a conclusion, and the perils of maintaining an action through a final judgment or appeal, this Court finds that the Settlement provides for a reasonable and adequate recovery that is fair to all Settlement Class Members. If this case were to proceed without settlement, the resulting litigation would be complex, lengthy and expensive. The Settlement eliminates a substantial risk that the Settlement Class Members would walk away empty handed after trial.

    J.    Further, the Defendant has defended this action vigorously and has indicated that it would continue to do so, absent a settlement. Because of resulting motion practice, trial and appeals, it could be a lengthy period before the Settlement Class Members would see any recovery even if they were to prevail on the merits, which would not produce a better recovery than they may have achieved in this Settlement.

K.    The parties negotiated the Settlement after a thorough review and analysis of the legal issues involved for nearly two years after the filing of the lawsuit, and in light of the Court's March 28, 2013 Memorandum Opinion on TMCC's Motion to Dismiss (Docket No. 23). The facts demonstrate that the Settlement Class Representatives were sufficiently informed to negotiate, execute and recommend approval of the Settlement. See, eg., Davies v. Continental Bank, 122 F.R.D. 475, 479-80 (E.D. Pa.1996).

L.    This Court may also consider the opinions of the participants, including Settlement Class Counsel. Parker v. Anderson, 667 F. 2d 1204, 1209 (5th Cir. 1985), cert. denied, 459 U.S. 828 (1985). Settlement Class Counsel have considerable experience in the prosecution of large and complex consumer class actions. Counsel for the Defendant is likewise experienced. This Court gives credence to the opinion of counsel, amply supported by the Court's independent review, that this settlement is a beneficial resolution of the putative class action claims.

M.    In addition to finding that the terms of the proposed settlement are fair, reasonable and adequate, the Court must determine there is no fraud or collusion between the parties or their counsel negotiating the settlement terms. Singleton v. Domino's Pizza, 2013 WL 5506027 (D. Md. 2013); In Re. Mid-Atl. Toyota Antitrust Litigation, 564 F. Supp. 1379 (D. Md. 1985); Bennett, 737 F.2d 986; Miller v. Republic National Life Insurance Company, 559 F.2d 426, 428-29 (5th Cir. 1977). In this case, there is no suggestion of fraud or collusion between the parties. Furthermore, the terms of the Settlement make it clear that the process by which the settlement was achieved was fair. Miller, 559 F.2d at 429.

N.    The relief to the Settlement Class has significant value, both with respect to monetary benefits to the Settlement Class and other non-monetary benefits. In addition to the discharge of a significant deficiency obligation, each Settlement Class Member will have the benefit of the deletion of TMCC's trade line from their credit reports, and will receive a *pro rata* share of the Settlement Fund, after adjustments for the payments set forth in Sections 5, 6, and 7 of the Settlement Agreement. In sum, the value of the Settlement Fund and

non-monetary benefits obtained by Settlement Class Counsel on behalf of the Settlement Class is substantial.

O. The terms of the Settlement Agreement, including all exhibits thereto, are fully and finally approved as fair, reasonable and adequate as to, and in the best interest of the Settlement Class Members.

P. After reviewing Settlement Class Counsel's motion for attorney's fees, the Court awards to Settlement Class Counsel attorney's fees and litigation expenses ("Attorney's Fees Award") costs in the total amount of two hundred and ten thousand dollars ($ 210,000) to be paid from the Settlement Fund. Any and all other claims for attorney's fees, costs and expenses that are or may be brought in connection with this Settlement or this Action are hereby barred, pursuant to the terms of the Settlement Agreement.

Q. The parties through the Settlement Agreement agreed that the Settlement Class Representatives would seek, in addition to the Settlement Benefits, an incentive award of Five Thousand Dollars ($5,000) each, to be paid from the Settlement Fund, for their efforts in obtaining the above described benefits for the Settlement Class. The Court finds that such an award is reasonable and appropriate in light of the results obtained.

Based on the foregoing, it is, this _____ day of October, 2014, ORDERED AND ADJUDGED that:

1. The Settlement Agreement is hereby approved and adopted as an Order of this Court. The parties are ordered and directed to comply with the terms and provisions thereof.

2. Without limiting any term of the Settlement Agreement, including the release of claims as set forth in full in the Settlement Agreement at Section 4, it is hereby ordered and adjudged that the terms of the Settlement Agreement and of this Final Judgment shall forever be binding, and shall have *res judicata* and preclusive effect, in any and all pending and future lawsuits maintained by the Settlement Class Representatives and any and all other Settlement Class Members, as well as their heirs, executors, administrators, successors and assigns, against TMCC and Related Parties, as defined in the Settlement Agreement.

3. The Settlement Class Administrator shall disburse the Settlement Fund to the Settlement Class Members in accordance with the provisions of the Settlement Agreement.

4. In accordance with the Settlement Agreement, within ten (10) days from Final Judgment, as defined in the Settlement Agreement, the Settlement Class Administrator shall remit the Attorneys' Fees Award and the Settlement Class Representatives' Incentive Awards to Settlement Class Counsel, as provided for herein.

5. The Clerk of the Court shall send copies of this Order to counsel for the parties.

_____  10/2/14
William D. Quarles, Jr.
United States District Judge